UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND OIYEMHONLAN,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK MANAGEMENT SERVICES, INC., et al.,<br><br>Defendants. | Case No. 22-cv-02954-HSG<br><br>**ORDER DENYING MOTION FOR JOINDER AND MOTION FOR REMAND**<br><br>Re: Dkt. Nos. 10, 14 |

Pending before the Court is Plaintiff Raymond Oiyemhonlan's motion for joinder and motion to remand. Dkt. Nos. 10. 14. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion for joinder and **DENIES** the motion to remand.

## I.     BACKGROUND

Plaintiff initially filed this action in San Francisco County Superior Court in March 2022. *See* Dkt. No. 1. Plaintiff alleges that he was wrongfully terminated by Defendant Aramark Facility Services, LLC based on his age and national origin. *See generally* Dkt. No. 1-1, Ex. A ("Compl."). He alleges that Matthew Bailey, the Senior Director of Support Services, specifically "did not like plaintiff and tried to get him fired because he was from the African continent and spoke with an accent." *See id.* at ¶ 50. Plaintiff further contends that he was terminated in retaliation for reporting health and safety violations regarding the proper cleaning of an operating room at a medical center in San Francisco. *See id.* at ¶¶ 34, 51. He suggests that Mr. Bailey used Plaintiff's complaints about safety protocols as an excuse to terminate him. *See id.* at ¶ 51. Based on these allegations, Plaintiff brings causes of action against Aramark for wrongful termination; breach of contract; retaliation; disparate treatment; and failure to prevent harassment,

discrimination, or retaliation under California law. *See id.* at ¶¶ 16–58.

Aramark removed this action in May 2022 on the basis of diversity jurisdiction, asserting that Plaintiff is a citizen of California and Aramark is a citizen of Delaware and Pennsylvania. *See* Dkt. No. 1 at 2–4. Plaintiff now seeks to join California residents Don Hall, William Butler, and Matthew Bailey as additional Defendants, and to remand the action back to state court. Dkt. Nos. 10, 14, 16. Plaintiff's two motions are inextricably related: Defendant does not dispute that if the Court grants the motion for joinder, remand is appropriate for lack of subject matter jurisdiction. *See* Dkt. No. 13 at 3–7.

## II.   MOTION FOR JOINDER

### A.   Legal Standard

"[I]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See* 28 U.S.C. § 1447(e). The Court has discretion to grant or deny joinder under such circumstances. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In determining whether to permit joinder of non-diverse defendants, courts generally consider whether: (1) the new defendants are needed for just adjudication and would be joined as necessary parties under Fed. R. Civ. P. 19(a); (2) the statute of limitations would preclude an action against the new defendants in state court; (3) there has been unexplained delay in requesting joinder; (4) joinder is intended solely to defeat federal jurisdiction; (5) the claims against the new defendants appear valid; and (6) denial of joinder would prejudice the plaintiff. *See IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2010) (collecting cases). "Any of the factors might prove decisive, and none is an absolutely necessary condition for joinder." *Yang v. Swissport USA, Inc.*, No. C 09–03823 SI, 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010).

### B.   Discussion

**Necessary Parties.** Federal Rule of Civil Procedure 19(a) requires joinder of persons whose absence would preclude the grant of "complete relief" to existing parties, impede the person's ability to protect their own interests, or subject any of the parties to the danger of

1  inconsistent obligations.  *See* Fed. R. Civ. P. 19(a); *see also CP Nat. Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 912 (9th Cir. 1991) (describing necessary parties as those "having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it").  A party is necessary when he plays a principal role in the claim and bears more than a "tangential" relationship to the cause of action.  *See IBC*, 125 F. Supp. 2d at 1012 (finding that a management employee who was the principal person responsible for the acts underlying the plaintiff's claim was necessary).

Here, Aramark contends that Messrs. Hall, Butler, and Bailey are not necessary parties because Aramark as a large, publicly-traded company, can satisfy any money judgment that Plaintiff obtains in this case.  Dkt. No. 18 at 2–3.  Ability to pay, however, is not the only consideration under Rule 19(a).  Plaintiff contends that Messrs. Hall, Butler, and Bailey harassed Plaintiff because of his accent, retaliated against him for reporting safety concerns, and either directly terminated him or failed to prevent his wrongful termination.  *See* Dkt. No. 16 at 2.  As noted above, Plaintiff alleges that Mr. Bailey in particular did "everything in his personal power" to get Plaintiff fired after he reported issues with the cleaning protocols at work.  *See* Compl. at ¶ 51.  And at least as alleged, Mr. Bailey was the person who put Plaintiff on leave without a formal reason.  *Id.*  In other words, Plaintiff asserts that Messrs. Hall, Butler, and Bailey played a principal role in the alleged conduct, and have more than just a tangential relationship to the causes of action in this case.  *See IBC*, 125 F. Supp. 2d at 1012.  In short, Aramark's liability is dependent on the alleged conduct of these individuals.

**Statute of Limitations.**  Plaintiffs do not argue that a new action against Messrs. Hall, Butler, or Bailey would be time-barred.

**Unreasonable Delay.**  In determining whether to permit joinder, courts also consider whether the plaintiff delayed in seeking amendment.  *See IBC*, 125 F. Supp. 2d at 1012.  Here, Plaintiff filed his motion for joinder in June 2022, approximately three and a half months after he filed the initial complaint, and just seven weeks after Defendant removed the action to federal court.  Moreover, this case is still in the early stages of litigation.  The Court has not yet set a

schedule, the Court has not set a deadline to seek leave to amend the complaint, and the parties do not appear to have engaged in any formal discovery. Under the circumstances, the Court does not find any unreasonable delay. *Accord Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (finding six months after removal not unreasonable delay).

**Motive for Joinder.** Adding a non-diverse defendant does not always signal an improper motive. *See IBC*, 125 F. Supp. 2d at 1012. Courts have found that the more involved a new defendant is in the events giving rise to the cause of action, the less likely it is that a plaintiff's motive is improper. *See id.* As discussed above, Plaintiff suggests that these individuals were integral to the alleged wrongful conduct. Still, Aramark argues that Plaintiff's only motive for seeking joinder now is to defeat diversity jurisdiction since these defendants could have been added sooner. *See* Dkt. No. 18 at 4–5. Aramark notes that Plaintiff only sought joinder after defense counsel explained that complete diversity existed based on the operative complaint. *See id.* at 5.

The Court understands Aramark's view that Plaintiff must have known the identities of his harassers, and thus could have included them in the initial complaint. *See id.* Plaintiff actually included allegations regarding Mr. Bailey in the initial complaint. *See* Compl. at ¶¶ 50–53. Plaintiff nevertheless suggests that at the time he "did not have sufficient information to flesh out the claim fully or add the other two harassers, Don Hall and Will Butler," and required "informal discovery." *See* Dkt. No. 17 at 2, 6. The Court does not find this conclusory assertion particularly persuasive. Still, given the individuals' central roles in the asserted claims, the Court finds that the record is at best ambiguous with respect to Plaintiff's true motive.

**Validity of Claims.** Aramark points out that Plaintiff has not formally alleged a claim against Messrs. Hall, Butler, and Bailey in the complaint. *See* Dkt. No. 18 at 6–7. It further notes that individuals cannot be held liable for discrimination or retaliation. *See id.* Plaintiff does not dispute this, but instead argues that he intends to pursue *harassment* claims against these individuals. *See* Dkt. No. 16 at 2; Dkt. No. 17 at 3–6; *see also* Cal. Gov't Code § 12940(j)(3) ("An employee of an entity . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee . . . ."); *see Reno v. Baird*, 18 Cal. 4th 640, 646–56 (Cal. 1998)

4

(distinguishing harassment and discrimination claims).

However, Plaintiff has not filed a motion for leave to amend the complaint to add this new claim. Nor does he provide any detail about the new allegations he intends to assert against Messrs. Hall, Butler, and Bailey. The Court cannot assess the validity of such hypothetical claims. In short, there are no valid claims currently asserted against these individuals, and at this point there is no confirmation that there ever will be.

**Prejudice.** Lastly, the Court considers the prejudice to Plaintiff if it did not grant the motion for joinder. A plaintiff suffers prejudice if denying joinder would force him to choose between (1) engaging in redundant litigation in state court arising out of the same facts and involving the same legal issues; or (2) foregoing his potential claims against the proposed party. *See IBC*, 125 F. supp. 2d at 1013. Because there are no valid claims currently asserted against Messrs. Hall, Butler, and Bailey, there does not appear to be any risk of redundant litigation.

\*   \*   \*

As discussed above, Plaintiff offers little explanation as to why he did not include Messrs. Hall, Butler, and Bailey when he initially filed the case. Given that they are his purported harassers, the Court would assume Plaintiff had all the information necessary to bring causes of action against them earlier. Plaintiff also offers little detail about the nature of the harassment claims he intends to pursue against these individuals. Nevertheless, the Court notes that under Federal Rule of Civil Procedure 15, courts "should freely give leave [to amend] when justice so requires." *See* Fed. R. Civ. P. 15(a). If Plaintiff can allege valid harassment claims against Messrs. Hall, Butler, and Bailey, then joinder would likely be appropriate under the circumstances, which in turn would weigh strongly in favor of remand.

The Court therefore **DENIES** Plaintiff's motion for joinder without prejudice. Plaintiff may file a motion for leave to amend the complaint to add harassment claims against Messrs. Hall, Butler, and Bailey if counsel can do so consistent with their Rule 11 obligations.

### III. MOTION FOR REMAND

#### A. Legal Standard

"Except as otherwise expressly provided by Act of Congress, any civil action brought

1  in a State court of which the district courts of the United States have original jurisdiction, may be

2  removed" to federal court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over

3  civil actions between citizens of different states in which the amount in controversy exceeds

4  $75,000.  *See* 28 U.S.C. § 1332(a)(1).  To properly invoke diversity jurisdiction, the defendant

5  bears the burden of proving that the parties in the action are completely diverse, meaning that

6  "each plaintiff [is] of a different citizenship from each defendant."  *Grancare, LLC v. Thrower by*

7  *& through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  If the district court lacks jurisdiction over an

8  action, a plaintiff may seek remand to state court.  *See* 28 U.S.C. § 1447(c).

**B. Discussion**

As noted above, the parties do not dispute that Messrs. Hall, Butler, and Bailey are California residents, and if joined in this case, will destroy complete diversity.  But because the Court has denied the motion for joinder, complete diversity of citizenship still exists in this case.  The Court accordingly **DENIES** the motion to remand.

**IV.   CONCLUSION**

The Court **DENIES** the motion for joinder and **DENIES** the motion to remand.  Plaintiff may file a motion for leave to amend the complaint to add harassment claims against the individuals (including a proposed amended complaint), and a renewed motion for joinder, within 14 days of the date of this order.  The Court further **SETS** a telephonic case management conference on February 28, 2023, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

//
//
//
//
//
//

in a State court of which the district courts of the United States have original jurisdiction, may be removed" to federal court.  28 U.S.C. § 1441(a).  District courts have original jurisdiction over civil actions between citizens of different states in which the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a)(1).  To properly invoke diversity jurisdiction, the defendant bears the burden of proving that the parties in the action are completely diverse, meaning that "each plaintiff [is] of a different citizenship from each defendant."  *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018).  If the district court lacks jurisdiction over an action, a plaintiff may seek remand to state court.  *See* 28 U.S.C. § 1447(c).

**B.  Discussion**

As noted above, the parties do not dispute that Messrs. Hall, Butler, and Bailey are California residents, and if joined in this case, will destroy complete diversity.  But because the Court has denied the motion for joinder, complete diversity of citizenship still exists in this case.  The Court accordingly **DENIES** the motion to remand.

**IV.   CONCLUSION**

The Court **DENIES** the motion for joinder and **DENIES** the motion to remand.  Plaintiff may file a motion for leave to amend the complaint to add harassment claims against the individuals (including a proposed amended complaint), and a renewed motion for joinder, within 14 days of the date of this order.  The Court further **SETS** a telephonic case management conference on February 28, 2023, at 2:00 p.m.  All counsel shall use the following dial-in information to access the call:

Dial-In:  888-808-6929;

Passcode:  6064255

//
//
//
//
//
//

For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.  The Court **DIRECTS** the parties to meet and confer and submit a joint case management statement by February 21, 2023.  The parties shall be prepared to discuss how to move the case forward efficiently if it is not ultimately remanded.

**IT IS SO ORDERED.**

Dated:   1/30/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge