UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND OIYEMHONLAN, <br><br> Plaintiff, <br><br> v. <br><br> ARAMARK MANAGEMENT SERVICES, INC., et al., <br><br> Defendants. | Case No. 22-cv-02954-HSG <br><br> **ORDER GRANTING MOTION FOR LEAVE TO AMEND AND REMANDING CASE** <br><br> Re: Dkt. No. 30 |

Pending before the Court is Plaintiff Raymond Oiyemhonlan's motion for leave to file an amended complaint. Dkt. No. 30. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion for leave and **REMANDS** the action to state court.

**I.   BACKGROUND**

The parties are familiar with the facts of this case. Plaintiff initially filed this action in San Francisco County Superior Court in March 2022. *See* Dkt. No. 1. Plaintiff alleged that he was wrongfully terminated by Defendant Aramark Facility Services, LLC based on his age and national origin. *See generally* Dkt. No. 1-1, Ex. A. He alleged that Matthew Bailey, the Senior Director of Support Services, specifically "did not like plaintiff and tried to get him fired because he was from the African continent and spoke with an accent." *See id.* at ¶ 50. Plaintiff further alleged that he reported health and safety violations regarding the proper cleaning of an operating room at a medical center in San Francisco, and Mr. Bailey used Plaintiff's complaints as an excuse to terminate him. *See id.* at ¶ 51. Based on these allegations, Plaintiff brought causes of action against Aramark for wrongful termination; breach of contract; retaliation; disparate treatment; and failure to prevent harassment, discrimination, or retaliation under California law. *See id.* at ¶¶ 16–

1   58.

2   Aramark removed this action in May 2022 on the basis of diversity jurisdiction, asserting
3   that Plaintiff is a citizen of California and Aramark is a citizen of Delaware and Pennsylvania. *See*
4   Dkt. No. 1 at 2–4. Plaintiff sought to join California residents Don Hall, William Butler, and
5   Matthew Bailey as additional Defendants, and to remand the action back to state court. Dkt. Nos.
6   10, 14, 16. Plaintiff explained that he intended to pursue additional harassment claims against
7   these individuals. *See* Dkt. No. 16 at 2; Dkt. No. 17 at 3–6.

8   The Court denied the motion for joinder and motion for remand without prejudice. *See*
9   Dkt. No. 26. In its order, the Court noted that "[i]f Plaintiff can allege valid harassment claims
10  against Messrs. Hall, Butler, and Bailey, then joinder would likely be appropriate under the
11  circumstances, which in turn would weigh strongly in favor of remand." *See* Dkt. No. 26 at 5.
12  The Court invited Plaintiff to amend the complaint to add harassment claims against Messrs. Hall,
13  Butler, and Bailey if counsel could do so consistent with their Rule 11 obligations. *See id.*
14  Plaintiff accordingly filed this motion for leave to amend. Dkt. No. 30.

## II.  LEGAL STANDARD

A party seeking to file a second or successive amendment "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Under Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). Despite the liberality with which Rule 15(a) is applied, the Court may exercise its discretion to deny leave to amend due to factors such as (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same).

## III.  DISCUSSION

Plaintiff seeks to amend the complaint to add a harassment claim against Messrs. Hall, Butler, and Bailey. Dkt. No. 30. Plaintiff alleges that these individuals "were principally responsible for the events that took place in the operative complaint." *See* Dkt. No. 30-2 ("FAC")

2

at ¶ 3. In the proposed FAC, Plaintiff contends that they "would remind Plaintiff of his accent and make disparaging remarks." *See id.* at ¶ 49. He further alleges that Mr. Bailey "instigated the action against Plaintiff," and the others did nothing to stop him. *See id.* at ¶ 3; *see also* Cal. Gov't Code § 12940(j)(3) ("An employee of an entity . . . is personally liable for any harassment prohibited by this section that is perpetrated by the employee . . . ."); *see Reno v. Baird*, 18 Cal. 4th 640, 646–56 (Cal. 1998) (distinguishing harassment and discrimination claims).

Defendant responds that amending the complaint would be futile. *See* Dkt. No. 33. The parties appear to agree that to state a claim for harassment, the alleged conduct must be sufficiently "severe enough or sufficiently pervasive to alter the conditions of [the plaintiff's] employment . . . ." *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 283 (Cal. 2006) (emphasis omitted). Defendant urges that Plaintiff's amended complaint is devoid of sufficient factual support to establish that the conduct was "severe and pervasive," as required under California law. Dkt. No. 33 at 5–7.

The Court finds that the most important factor weighs in favor of granting leave to amend: there is no evidence that Defendant would be prejudiced. Moreover, there have been no prior amendments, and the case remains in its early stages. Defendant again urges that Plaintiff's only motive for seeking leave to amend is to defeat diversity jurisdiction since these defendants could have been added sooner. *See* Dkt. No. 33 at 8–9. But as before, "the Court finds that the record is at best ambiguous with respect to Plaintiff's true motive." *See* Dkt. No. 26 at 4.

As to futility, the Court recognizes that the proposed FAC contains few details about the nature or duration of the alleged disparaging remarks. However, the Court disagrees with Defendant's suggestion that "[w]hat Plaintiff complains of is alleged discrimination . . . ." *See* Dkt. No. 33 at 7. Unlike discrimination, "harassment consists of a type of conduct not necessary for performance of a supervisory job." *Reno*, 18 Cal. 4th at 645–46. It "consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." *Id.* Making disparaging remarks about Plaintiff's accent appears to fall squarely within this definition. Whether the alleged conduct is sufficiently severe or pervasive enough to support a harassment

3

claim is ultimately a fact question.  Defendant will of course have the opportunity to challenge the veracity and strength of Plaintiff's allegations, but the Court finds that Rule 15's liberal standard counsels in favor of allowing amendment under the circumstances.

## IV.   CONCLUSION

The Court **GRANTS** the motion for leave to amend the complaint.  The parties do not dispute that Messrs. Hall, Butler, and Bailey are California residents, and if joined in this case, will destroy complete diversity.  Having granted the motion for leave to amend the complaint, there is no longer complete diversity of citizenship, and the Court lacks subject matter jurisdiction.  The Court therefore **REMANDS** the case to San Francisco County Superior Court.  *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated:   4/5/2023

HAYWOOD S. GILLIAM, JR.
United States District Judge